IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

E. LEE WARREN, TRUSTEE OF THE
E. LEE WARREN REVOCABLE TRUST                                    PLAINTIFF

v.                              Case No. 5:14-CV-05112

STATE FARM FIRE & CASUALTY COMPANY,
and LEE-ELLEN KEES, AS AGENT FOR STATE
FARM FIRE & CASUALTY COMPANY                                  DEFENDANTS

OPINION AND ORDER

This matter is now before the Court pursuant to Defendant Lee-Ellen Kees' ("Kees")

Motion to Dismiss (Doc. 5) and Brief in Support (Doc. 6), Plaintiff E. Lee Warren, Trustee

of the E. Lee Warren Revocable Trust's Response in Opposition (Doc. 12) and Brief in

Support (Doc. 13), and Kees' Reply (Doc. 18); as well as Defendant State Farm Fire &

Casualty Company's ("State Farm") Motion to Dismiss (Doc. 7) and Brief in Support (Doc.

8), Plaintiff's Response (Doc. 15) and Brief in Support (Doc. 16), and State Farm's Reply

(Doc. 17).  Also before the Court are Plaintiff's Motion to Remand (Doc. 10) and Brief in

Support (Doc. 11), and Defendants' Response in Opposition (Doc. 19) and Brief in Support

(Doc. 20).  The Court also considered the parties' oral arguments on the Motions at the

Case Management Hearing conducted on August 15, 2014.  For the reasons set forth

herein, Defendant Kees' Motion to Dismiss (Doc. 5) is GRANTED; Defendant State Farm's

Motion to Dismiss certain causes of action (Doc. 7) is GRANTED; and Plaintiff's Motion to

Remand (Doc. 10) is DENIED.

## I. Background

This lawsuit arises from a claim Plaintiff filed with State Farm after Plaintiff's house was struck by lightning, causing a fire that allegedly destroyed the house and most of its contents in Springdale, Arkansas, on July 26, 2012. The insurance policy limits for the structure are capped at $277,405, while the policy limits for personal property are capped at $208,054. The policy also covers additional living expenses. To date, State Farm has offered Plaintiff $9,753.04 for damage to real property, $26,546.64 for damage to personal property, and $5,550 for additional living expenses.

Plaintiff alleges that Defendants failed to reimburse him for actual loss as required by the policy. He filed suit in the Circuit Court of Washington County, Arkansas, on February 19, 2014, asserting four causes of action against State Farm: (1) a declaratory judgment, in which Plaintiff requests that this Court find that his policy is an actual cash value policy with a replacement-cost endorsement; (2) a breach of contract claim; (3) a private cause of action for violations of the Arkansas Insurance Code; and (4) the tort of bad faith. Plaintiff's only cause of action against Kees, the insurance adjuster, involves violations of the Arkansas Insurance Code, which Plaintiff uses to argue that Kees was negligent in adjusting his claim.

On April 3, 2014, Defendants removed the action to this Court, asserting diversity-of-citizenship jurisdiction. Defendants contend that diversity exists between the parties because: (1) Kees was fraudulently joined, and thus her citizenship should be ignored; and (2) the remaining parties are completely diverse. In turn, Plaintiff essentially argues that he has stated a colorable claim against Kees, and therefore, complete diversity is lacking and the case should be remanded to state court.

2

On April 3, 2014, both Defendants filed separate Motions to Dismiss. Kees alleges that she was fraudulently joined because Plaintiff does not have a viable cause of action against her. She contends that as an agent for a disclosed principal, she is not subject to suit in her personal capacity. She further asserts that the Complaint fails to state a claim for relief against her regarding violations of the Arkansas Insurance Code. In response, Plaintiff argues that although he titled his claim against Kees in terms of violations of the Arkansas Insurance Code, the Court should construe his allegations against her as a common law claim for negligence. At the hearing, Plaintiff conceded that there was no private right of action for a violation of the Arkansas Insurance Code under the circumstances alleged.

State Farm argues that: (1) the request for declaratory judgment should be dismissed because any declaratory judgment would not terminate the controversy or any uncertainty between the parties; (2) Plaintiff fails to state a claim for bad faith; and (3) Plaintiff fails to state a claim for violations of the Arkansas Insurance Code. State Farm does not seek a dismissal of the breach of contract claim. Plaintiff responds that it is proper for the Court to make a declaratory judgment that the insurance policy is an actual cash value policy with a replacement-cost endorsement. Further, Plaintiff believes he has pleaded sufficient facts to support a bad faith claim, and his allegations regarding the violations of the Arkansas Insurance Code should be construed by the Court as supporting his claim for negligence.

## II. Legal Standard

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the

3

nonmoving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quotation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). This includes pleading sufficient factual matter to show that prerequisite conditions of suit have been satisfied. *Id.* at 686–87. The alleged facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* A court is not required to "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

An action filed in state court may be removed to federal court only if it originally could have been brought in federal court. Under the diversity-of-citizenship jurisdiction granted to federal courts, a civil action between citizens of different states with over $75,000 in dispute may be brought in federal district court. For a state-court action to be removable based on diversity-of-citizenship jurisdiction: (1) defendants must file a notice of removal with the district court within 30 days of receipt of the state-court summons and complaint; (2) the parties' citizenship must be completely diverse; and (3) there must be $75,000 in controversy. 28 U.S.C. §§ 1341 and 1346. One exception to the diversity requirement is the rule regarding fraudulent-joinder. The purpose of this exception is to prevent a plaintiff from thwarting a defendant's ability to remove an action by fraudulently joining a non-diverse defendant "who has 'no real connection with the controversy.'"

4

*Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011)(citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).

### III. Discussion

In moving to dismiss the Complaint, Defendants argue that there is no basis in law or fact for Plaintiff's claim against Kees, and all claims against State Farm for declaratory judgment, bad faith, and violations of the Arkansas Insurance Code fail to satisfy Rule 12(b)(6). Plaintiff responds that he has offered sufficient facts to support his allegations, including that Defendants' offer to settle Plaintiff's claim following a house fire was grossly inadequate and even unconscionable. He further contends that Kees "failed to inspect the entire property and all of the damages . . . . and failed to address and pay for all of the covered losses." (Doc. 3, p. 9).

### A. Plaintiff's Motion to Remand and Kees' Motion to Dismiss

Because there are no federal question claims, jurisdiction only exists if there is complete diversity among the parties. 28 U.S.C. §§1331–32. Plaintiff's Motion to Remand is contingent upon the Court's decision on Defendant Kees' Motion to Dismiss as Kees' presence in the suit defeats diversity jurisdiction.

Kees alleges that she was fraudulently joined in order to defeat diversity jurisdiction. Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal. *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)(citing *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 809 (8th Cir. 2003)). To prove fraudulent joinder, a defendant must show that the plaintiff's claim against the diversity-destroying defendant has no reasonable basis in fact and law. *In re*

5

*Prempro*, 591 F.3d at 620; *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 871 (8th Cir. 2002); *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983). "[I]f it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla,* 336 F.3d at 810.

At the hearing, upon questioning by the Court, Plaintiff conceded there was no private right of action under the Arkansas Insurance Code. *See* Ark. Code Ann. § 23-66-202(b)(The Trade Practices Act does not "establish or extinguish a private right of action for a violation of any provision of this subchapter"); *Williams v. State Farm Mut. Auto. Ins. Co.,* 2010 WL 2573196 (E.D. Ark. June 22, 2010)(finding that the Arkansas General Assembly has expressly stated that the Trade Practices Act in the insurance code does not create a private right of action); *Design Professionals Ins. Co. v. Chicago Ins. Co.,* 454 F.3d 906, 911-12 (8th Cir. 2006)(finding that the Trade Practices Act "gives the state authority to establish rules of conduct and to punish offenders, [but] it provides no private right of action to insureds for violations of the Act or of regulations promulgated under the Act's authority"); *Columbia Mut. Ins. Co. v. Home Mut. Fire Ins. Co.,* 74 Ark. App. 166, 174 (2001)(concluding the Act does not establish or extinguish a private right of action based on a violation of its provisions). *See also* Ark. Code Ann. § 23-61-103(a)(providing that violations of the Arkansas Insurance Code are enforceable by the Insurance Commissioner).

Construing Plaintiff's Complaint against Kees as a claim for common law negligence, as Plaintiff suggests, is also problematic. Under Arkansas law, an agent acting

6

within the scope of her authority on behalf of a disclosed principal typically cannot be held personally liable on an insurance contract. *See, e.g., First United, Inc. v. Chi. Title Ins. Co.,* 366 Ark. 508 (2006). *See also McCullough v. Johnson,* 307 Ark. 9 (1991); *Ferguson v. Huddleston,* 208 Ark. 353 (1945); *Grayson & Grayson, P.A. v. Couch,* 2012 Ark. App. 20 (2012). Plaintiff has not alleged that Kees acted outside of the scope of her authority, but instead admits that she was "at all pertinent times the agent of Insurance Defendant, through both actual and apparent authority." (Doc. 3, p. 8). Therefore, Plaintiff does not have a cognizable claim against Kees for negligence.

Thus, Kees' Motion to Dismiss is granted, and she is dismissed without prejudice. Without Kees' presence in the lawsuit, there is complete diversity of citizenship with respect to the remaining parties, and therefore the Court properly retains jurisdiction. Plaintiff's Motion to Remand is denied.

### B. State Farm's Motion to Dismiss

#### 1. Bad Faith

State Farm contends Plaintiff has failed to state a claim for bad faith. Plaintiff's factual allegations supporting this claim are that State Farm "refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims." (Doc. 3, p. 7). He further maintains that State Farm investigated or adjusted his claim in a "malicious, intentional, fraudulent and/or grossly negligent fashion." *Id.* As a result, Plaintiff alleges that he sustained serious damage to his property due to State Farm's refusal to honor its obligations.

7

In order to be successful, a claim based on the tort of bad faith must evidence "affirmative misconduct by the insurance company, without a good faith defense, and . . . the misconduct must be dishonest, malicious, or oppressive in an attempt to avoid its liability under an insurance policy." *Aetna Cas. & Sur. Co. v. Broadway Arms Corp.*, 281 Ark. 128, 133 (1984).  Arkansas recognizes a claim for bad faith when "an insurance company affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured." *Selmon v. Metro. Life Ins. Co.,* 372 Ark. 420, 426 (2008) (quoting *Columbia Nat'l Ins. Co. v. Freeman,* 347 Ark. 423, 429 (2002)).  Bad faith is defined as "dishonest, malicious, or oppressive conduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge." *Unum Life Ins. Co. of Am. v. Edwards,* 362 Ark. 624, 628 (2005); *see also Switzer v. Shelter Mut. Ins. Co.,* 362 Ark. 419, 433 (2005).  The standard for establishing a claim for bad faith is rigorous and difficult to satisfy. *Unum Life,* 362 Ark. at 627.  "Mere negligence or bad judgment is insufficient so long as the insurer is acting in good faith. . . . bad faith does not arise from a mere denial of a claim; there must be affirmative misconduct." *Selmon,* 372 Ark. at 426.  *See also Am. Health Care Providers v. O'Brien*, 318 Ark. 438 (1994)(holding that nightmarish red tape, an insurance representative's abrupt attitude following cancellation of a group policy, and confusion over the referral process did not amount to bad faith).

The facts as presently alleged by Plaintiff are conclusory in nature and do not otherwise rise to the level of what the Supreme Court of Arkansas considers "characterized by hatred, ill will, or a spirit of revenge."  Examples of appropriately specific facts would include instances where an insurance agent lied by stating there was no insurance

8

coverage; predicate facts demonstrating aggressive, abusive, and coercive conduct by a claims representative; and where a carrier intentionally altered insurance records to avoid a bad risk. *See generally S. Farm v. Allen*, 326 Ark. 1023 (1996); *Viking Ins. Co. v. Jester,* 310 Ark. 317 (1992); *Employers Equitable Life Ins. Co. v. Williams,* 282 Ark. 29 (1984). And, as noted above, a court is not required to blindly accept the pleader's conclusions. Rather, allegations of predicate facts are required. *Wescott*, 901 F.2d at 1488.

Taking Plaintiff's pleadings as true, Plaintiff asserts that State Farm "refused to pay or delayed paying a claim after liability had become reasonably clear." (Doc. 3, p.6). This allegation on its face, does not demonstrate "hatred, ill will, or a spirit of revenge." Plaintiff further states that State Farm has "in a dishonest, malicious, or oppressive manner, refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims." *Id.* at 7. This is a conclusory statement that cannot support a claim for bad faith without factual support. Although Plaintiff maintains generally that Kees intentionally failed to inspect the entire property before adjusting the claim, Plaintiff does not state when Kees inspected the property, what she did inspect or failed to inspect, or why failing to inspect the entire property was at all material to the decision to adjust the claim, let alone an act or omission that demonstrated "hatred, ill will, or a spirit of revenge."

At the Court's hearing on the Motion to Dismiss, counsel for Plaintiff indicated that specific facts constituting bad faith exist, but were omitted from the Complaint. The Court, however, must find a plausible cause of action for bad faith from the face of the Complaint, and seeing none, the Court is not required to rewrite Plaintiff's Complaint.

Therefore, Plaintiff's bad-faith claim against State Farm is dismissed without prejudice.

## 2. Arkansas Insurance Code

Plaintiff also alleges a cause of action for violations of the Arkansas Insurance Code against State Farm. For the same reasons stated above, Plaintiff's claim against State Farm for violations of the Arkansas Insurance Code is dismissed pursuant to Rule 12(b)(6) because there is no such private right of action. Further, Plaintiff does not allege any facts in support of violations but merely recites elements under Ark. Code Ann. § 23-66-206(13), which require that Plaintiff show that State Farm committed such acts with such frequency as to indicate a general business practice.

At the hearing, Plaintiff asserted that State Farm's violations of the Arkansas Insurance Code were intended to evidence a cause of action for negligence, even though no negligence claim was pleaded in the Complaint. It does not appear that Arkansas even recognizes a cause of action for negligent performance on an insurance contract. *Farm Bureau Ins. Co. of Arkansas, Inc. v. Running M Farms, Inc.*, 366 Ark. 480, 490 (2006). Further, even if the Court construes the Complaint broadly, Plaintiff has not alleged sufficient predicate facts to support a common law claim for negligence against State Farm. Instead, Plaintiff lists elements intended to support a private cause of action for violations of the Arkansas Insurance Code. To the extent a separate negligence claim is embedded within this section of the Complaint, the Court is once again not inclined to reorganize and rewrite the Complaint to include claims that were not presented. Therefore, despite construing as true the facts and allegations presented in the Complaint, and granting Plaintiff all reasonable inferences that may be drawn from those facts, the Court finds Plaintiff has not pleaded a claim for negligence.

10

### 3. Declaratory Judgment

Lastly, State Farm seeks dismissal of Plaintiff's request for a declaratory judgment regarding whether the policy is an actual cash value policy with a replacement-cost endorsement. State Farm contends that a declaratory judgment is improper because Plaintiff does not allege any uncertainty or controversy that would be terminated by the Court's rendition of a declaratory judgment.

A declaratory-judgment action seeks to avoid uncertainty and insecurity with respect to rights, status, and other legal relations. *Wilmans v. Sears, Roebuck and Co.,* 355 Ark. 668, 144 S.W.3d 245 (2004). The requisite facts that must be established before declaratory relief can be obtained include the following: (1) there must be a justiciable controversy; (2) the controversy must be between parties with adverse interests; (3) the party seeking declaratory relief must have a legally protectable interest in the controversy; and (4) the issue must be ripe for judicial determination. *Hardy v. United Servs. Auto. Ass'n,* 95 Ark. App. 48, 51 (2006), *reh'g denied.*

At the hearing, Plaintiff admitted that a controversy regarding the type of policy held by Plaintiff no longer exists, because State Farm "admits the policy contained replacement cost provisions." (Doc. 4, p. 5). It is also true that issues pertaining to contract interpretation will be resolved through Plaintiff's remaining cause of action at law for breach of contract.

As Plaintiff's request for a declaratory judgment is moot in light of the admissions of the parties, no controversy exists concerning what type of policy State Farm issued to

11

Plaintiff. State Farm's request to dismiss the declaratory judgment claim will therefore be granted.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that Defendant Lee-Ellen Kees's Motion to Dismiss (Doc. 5) is **GRANTED**, and Kees is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant State Farm's Motion to Dismiss (Doc. 7) is **GRANTED**, and Plaintiff's claims for violations of the Arkansas Insurance Code, bad faith, and declaratory judgment are all **DISMISSED WITHOUT PREJUDICE**. The sole surviving claim for trial is Plaintiff's cause of action for breach of contract.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 10) is **DENIED**.

**IT IS SO ORDERED** this __19th__ day of August, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE